## SMITH v. GILLEN.

1. PROMISSORY NOTES: *Failure of consideration.*
   The payees of a promissory note claimed to be the owners of certain mining claims which were to constitute the capital stock of a company they proposed to organize for mining purposes; and the note was given for shares in such stock taken by the maker. In an action on the note there was evidence tending to show that the claims were conveyed to a company formed but not legally organized. HELD: That the equitable right acquired by the defendant in such interest as the payees had in the mining claims, constituted a valuable consideration for the execution of the note, and the right to recover some amount thereon was not defeated by the failure to incorporate the mining company.

2. SAME: *Same: Instructions.*
   In such action, in the absence of evidence tending to show that the consideration of the note was illegal, it was error to instruct the jury that any illegality of consideration as to one of the payees, might be pleaded against the other. And the failure to incorporate the mining company being only a partial failure of the consideration of the note, it was also error to instruct the jury that no recovery could be had upon it, if the company had not been legally organized.

APPEAL from *Garland* Circuit Court.

J. P. WOOD, Judge.

Smith sued Gillen on a promissory note executed by the latter to Smith, and Charles Cutter jointly, and indorsed by Cutter without recourse.

Gillen answered, stating that the note was without consideration, that it was obtained by the false pretenses of Charles Cutter and O. F. Smith, to-wit: That the note was a subscription to a company to be duly organized for mining purposes, possessed of certain valuable mining claims in Montgomery and Garland counties; that no such company was lawfully organized and no such claims were held; that the purpose of said scheme was to sell fraudulent stock; and the note, therefore, was void.

On motion of defendant, the court gave the following instructions to the jury, to which the plaintiff excepted:

1. The maker of the note sued on herein promised O. F. Smith and Charles Cutter, as his joint creditors, to pay the sum mentioned, and any illegality of the consideration may be pleaded by the maker against the one party as against the other as equally privy to the transaction with all its incidents.

2. The subscribers to the capital stock of an incorporation about to be formed, and in the attempt to unite as corporators, are not liable upon agreements made between them in view of the formation of such corporation as stockholders, until the formalities, which are a condition precedent to the legal incorporation of the company, are observed. And, if you believe from the evidence that the note sued on was given as a part of the subscription by a shareholder to persons proposing to organize a joint stock company, which has never yet been legally formed after the lapse of a reasonable time in which to have perfected said organization, you will find for the defendant.

The trial resulted in a judgment for the defendant, and the plaintiff appealed.

*R. G. Davies* and *Charles D. Greaves*, for appellant.

1. The consideration was not illegal. *Story Bills Ex.,* secs. *186–7.*

2. The instructions are misleading and wrong. *Smith Cont.*, *240*, *241*, *168 et seq.; ib., *168 et seq.; 1 Chit. on Cont.* (*11th Am. Ed.*), *2931; 5 Pick., 384; 14 id., 207; 1 Metc., 93; 5 Johns. Ch., 23; 14 Johns., 527; 18 Johns., 337.*

*John M. Harrell* and *D. H. Cantrell*, for appellee.

1. The first instruction was not abstract. The court simply left it to the jury to say, under the proof, whether the legality of the note was impeached or not.

2. No corporation was ever formed, and the second instruction is sustained by *Morawitz on Private Corps., par. 67, 737, 738, 52, 743; 3 Am. St. Rep., 806 and notes, etc.; 64 N. Y., 77; 57 Mo., 126; 37 Pa. St., 210; 57 Cal., 396; 12 Vt., 304; 6 Bush., 443; 8 Gray, 310; 80 N. Y., 219.*

PROMISSORY NOTES · Failure of consideration: Instruction.

PER CURIAM : The instructions of the court were erroneous, and did not fairly submit to the jury the question as to the consideration of the note sued on, which they ought to have decided. It was proven that ten mining claims, which Smith and Cutter claimed to own, were to constitute the capital stock of the company to be organized, and that the note was given in part, if not wholly, for the interest that Gillen agreed to take and did take in this stock as shares. Evidence was adduced tending to prove that the claims were conveyed to a company formed, but not legally organized as a corporation. If this be true, Gillen acquired an equitable right in whatever interest or property Smith and Cutter had in the mining claims, if any, although the company was never legally organized as a corporation. Such an equitable right may be a valuable consideration. The partial failure of the consideration for which the note was given did not defeat the plaintiff's right to recover something. There was no evidence tending to show that the consideration of the note was illegal.

Reverse and remand for a new trial.